85 671
88 359

# Richmond.

## VAUGHAN v. COMMONWEALTH.

### January 24th, 1889.

1. CRIMINAL PROCEEDINGS—*Homicide—Intent.*—Where evidence of guilt is in other respects satisfactory, adequacy of motive is of little importance. *Finchim's Case*, 83 Va. 689. But where there is no evidence of motive, and upon the general evidence guilt is doubtful, such absence of motive affords strong presumption of innocence. *Hatchett's Case*, 76 Va. 1026.

2. IDEM—*Instructions.*—On trial for murder instruction " that the absence of all evidence of an inducing cause or motive to commit the crime, when the fact is in reasonable doubt as to who committed it, affords a strong presumption of innocence," asked for by accused, should have been given.

3. IDEM—*Reasonable doubt.*—Instruction to acquit, if upon the whole evidence there be reasonable doubt of prisoner's guilt, will not cure the error of refusing to instruct as above.

4. APPELLATE COURT—*Reversal.*—Where erroneous instruction is given, or correct one is refused, the judgment will be reversed, unless the court can see from *the whole record* that the erroneous ruling could not have influenced the verdict.

Argued at Wytheville. Decided at Richmond. Error to judgment of judge of circuit court of Grayson county denying, on 18th of August, 1888, a writ of error to judgment of county court of said county, rendered 7th August, 1888, whereby Samuel Vaughan was sentenced to the penitentiary for three years upon a verdict of guilty of voluntary manslaughter on an indictment for the murder of Jeff. Rives.

The bill of exceptions recites that at the trial, the Commonwealth, to maintain the issue on her part, proved that the de-

ceased was stabbed on the night of the 7th of February, 1888, which caused his death three days thereafter. The dying declaration of the deceased was also introduced in evidence, in which, among other things, it was declared that the fatal wound was inflicted by the prisoner. On the other hand, the latter, to maintain the issue on his part, offered evidence tending to prove that the crime was not committed by him; that other persons had the same opportunity to commit it that he had; that one Calloway had been indicted for it, and had been tried in the county court of Grayson, and, although acquitted of the felony charged in the indictment, was convicted of a misdemeanor; that the crime was committed about ten o'clock at night, in the dark; *that the prisoner and the deceased were at the time on friendly and intimate terms, and had never quarrelled; that the former had no motive to commit the crime,* and that he had always sustained a good character in Grayson county as a peaceable, quiet, law-abiding citizen. And after the evidence had been introduced, the prisoner moved the court to instruct the jury as follows:

" 1. That the evidence of good character is highly important, if the case is one of reasonable doubt, and good character should make it preponderate in favor of the accused.

" 2. That the absence of all evidence of an inducing cause or motive to commit the crime, when the fact is in reasonable doubt as to who committed it, affords a strong presumption of innocence.

" 3. That when two persons had the same opportunity to commit the offence, and if upon the whole evidence in the case there remains a reasonable doubt as to which of the two committed it, then neither of the two can be convicted.

" 4. That the jury must be satisfied beyond any reasonable doubt of the guilt of the accused, and if there is any reasonable hypothesis consistent with his innocence, they must acquit."

The court gave the first, third, and fourth of these instructions, but refused to give the second, and to its action in refusing

to give the second the prisoner excepted, and he subsequently obtained a writ of error from one of the judges of this court, a writ of error having been refused by the judge of the circuit court of the said county.

*Robert Crockett,* for prisoner.

*Attorney-General R. A. Ayres,* for Commonwealth.

LEWIS, P., delivered the opinion of the court.

A brief reference to a few elementary principles will show that the prisoner's exception is well taken. In criminal cases, evidence of the particular motives by which the accused was influenced is always admissible, in order that the jury may infer what his conduct was under those circumstances; and, on the other hand, juries are frequently called upon to infer what a man's motives were from his conduct and his acts. This is because of the natural connection between a man's conduct and his motives, of which every man is presumed to possess a sufficient knowledge to enable him to infer the one from the other. And as our knowledge of human nature leads us to conclude it is improbable there should be crime without a motive, proof of motive in a criminal case is of great importance. The adequacy of the motive, however, is of little importance, where the evidence of guilt is in other respects satisfactory, since experience teaches that crime is often committed from very slight motives. *Finchim's case,* 83 Va. 689. But where there is an entire absence of surrounding circumstances, which on the ordinary principles of human nature may reasonably be supposed to have acted as an inducing cause, that circumstance is justly regarded, whenever upon the general evidence the imputed guilt is *doubtful,* as affording a strong presumption of innocence. Wills, Circumst. Ev. 43; Ram. on Facts, 124; *Hatchett's case,* 76 Va. 1026. And *a fortiori* does the principle

operate where the accused was actuated by contrary motives. 1 Stark, Ev. 492, *note.* It is very clear, therefore, that the second instruction asked for by the prisoner correctly propounds the law, and ought to have been given.

It is contended, however, for the Commonwealth that the prisoner has not been prejudiced by the refusal of the court to give the instruction, because in the third and fourth instructions, which were given, the jury were told, substantially, that they must acquit, if upon the whole evidence in the case there was a reasonable doubt of the prisoner's guilt; and this, it is contended, goes quite as far as the court was asked to go in the instruction which was refused. We do not think so. On the contrary, the refusal of the court to give the instruction was calculated to lead the jury to suppose that the absence of evidence to show a motive on the part of the prisoner to commit the crime charged in the indictment, was not a circumstance in his favor, notwithstanding upon the general evidence his guilt was doubtful. At all events, the principle embodied in the instruction is not embraced in anything contained in the instructions given, and as the principle is a correct one, the refusal of the court to give the instruction was error to the prejudice of the prisoner, for which the judgment must be reversed.

In *Montague's case,* 10 Gratt. 767, the principle was announced that where any legal right has been denied to a party on trial for a criminal offence, or any of the safeguards thrown around him by law for his protection have been disregarded, it is not for this court to say what might or might not have been the effect upon the case of the accused; that the law will intend prejudice if it be necessary to enable him to exercise his right to have the judgment of the court reviewed in the appellate tribunal, and will hold it impossible in such a case to say that a fair and impartial trial has been had. In that case the error was in the improperly setting aside by the trial court of a competent juror.

This rule, somewhat modified, was recognized in *Payne's case,*

31 Gratt. 855. There the error was in the admission of irrele-
vant evidence, and this court, in reversing the judgment, said that
if the accused may have been prejudiced by the admission of the
evidence, that was sufficient ground for reversing the judgment,
even though it were doubtful whether in fact he was prejudiced
or not. And the same rule applies where an erroneous instruc-
tion is given, or where an instruction is erroneously refused.
The rule applicable to a case like the present was clearly
stated in *Danville Bank* v. *Waddill*, 27 Gratt. 448, in which
case Judge Staples, speaking for the court, said: " Whenever
an erroneous instruction is given, or, what is the same thing, a
correct one refused, the judgment will be reversed, unless the
appellate court can see from the whole record, that even under
correct instructions a different verdict could not have been rightly
found, or unless it is able to perceive that the erroneous ruling
of the trying court could not have influenced the jury."

In the present case the facts are not certified, nor does the
record contain any more of the evidence adduced at the trial
than was supposed to be necessary to show the relevancy of the
instructions offered by the prisoner. And as, for the reasons
already stated, the court below erred in refusing to give the
second of those instructions, the judgment must be reversed
and the case remanded for a new trial.

JUDGMENT REVERSED.